IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DON EVANS, | 2:07-cv-01738-ATG (HC) |
| Petitioner, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| D.K. SISTO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. On March 24, 2009, this Court denied his petition for habeas corpus and granted petitioner 14 days to file a response to the order to show cause demonstrating why a certificate of appealability ("COA") should be granted. On April 6, 2009, petitioner simultaneously filed his response to the order to show cause and requested a two-day extension. Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Because petitioner has failed to meet this standard, the request for a COA is denied. Each of petitioner's arguments is addressed in turn.

**1.      Legal Standard for Granting a COA**

"A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard,

-1-

PDF created with pdfFactory trial version www.pdffactory.com

petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir.2000), citing *Slack v. Mc Daniel*, 529 U.S. 473 (2000), and *Barefoot v. Estelle*, 463 U.S. 880 (1983). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright*, 220 F.3d at 1025 (citation omitted).. Nevertheless, issuance of the COA "must not be pro forma or a matter of course," and a "prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Barefoot*, 463 U.S. at 893.

Petitioner alleges that the court should grant his motion for a COA on the same claims raised in his original petition: 1) The district court erred in failing to find that there was insufficient evidence in support of his burglary conviction because he still maintained a property interest in the residence he broke into; 2) the court erred in failing to find that his sentence of 25 years to life violated the Eighth Amendment's prohibition against cruel and unusual punishment, and 3) the court erred in failing to find that petitioner suffered from ineffective assistance of counsel because his attorney did not seek recusal of the trial judge after that same judge had ruled on petitioner's pre-trial motions.

**2.  Sufficient Evidence Exists to Support the Burglary Conviction**

Petitioner repeats the arguments made in his original petition. He argues that since his estranged wife allowed him into their home at certain times, he could not legally be considered an intruder in the home. In support of this contention, he cites *People v. Pendleton*, 25 Cal.3d 371 (1979), which held that a defendant could not be convicted of burglarizing his own home.

Petitioner's argument, for the reasons described in this court's original Order denying habeas relief, fails. Petitioner was subject to a restraining order and clearly violated the terms of that order. Furthermore, the nature of petitioner's entry - using a screwdriver to break in - clearly indicate that petitioner did not, and knew he did not, possess an unconditional right to entry. Petitioner has made no showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented

-2-

PDF created with pdfFactory trial version www.pdffactory.com

were adequate to deserve encouragement to proceed further. This claim fails to meet that standard and a COA for the claim is denied.

**3. Petitioner's Sentence of 25 Years to Life Does Not Violate the Eighth Amendment**

Petitioner argues that he should be granted a COA on the issue of whether his sentence of 25 years to life violates the constitutional prohibition against cruel and unusual punishment. Again, as explained in this court's original Order, petitioner's argument lacks merit. The nature of petitioner's crime, coupled with the presence of the aggravating factors as described by the California Court of Appeal opinion, make the sentence appropriate. Petitioner's request for a COA on this claim is denied.

**4. Petitioner's Trial Counsel was Not Ineffective for Failing to Seek Recusal of the Trial Judge**

Petitioner's final argument is that the state courts and this court erred by failing to find that trial counsel was ineffective under the *Strickland* standard. Petitioner argues that his counsel should have sought recusal of the trial judge, who also had ruled on petitioner's pre-trial motions, including the voluntariness of his confession under *Miranda*. Petitioner admits that he waived his right to a jury trial, but mistakenly contends that the holding in *Jackson v. Denno*, 378 U.S. 368 (1964), guarantees defendant a new fact-finder if he waives his right to a jury trial. Petitioner is incorrect. *Jackson* stands only for the proposition that when a case is tried to a jury, the admissibility of a confession must be ruled on by the trial court. *Id.* at 388-91. Petitioner concedes that his counsel fully informed of his rights *before* he agreed to waive his right to a jury trial. Accordingly, petitioner's request for a COA on this claim is also denied.

PDF created with pdfFactory trial version www.pdffactory.com

**5. Conclusion**

For these reasons explained above, the court declines to issue a certificate of appealability. Any further request for a certificate of appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated: April 30, 2009

/s/ Alfred T. Goodwin

_____
ALFRED T. GOODWIN.
United States Circuit Judge
Sitting by designation

PDF created with pdfFactory trial version www.pdffactory.com